United States District Court
Southern District of Texas
**ENTERED**
June 20, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **SYLVIE ACKLIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:22-CV-3713** |
| | § | |
| **CITY OF CONROE, TEXAS**, | § | |
| *et al.*, | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### MEMORANDUM AND RECOMMENDATION

This is a First Amendment retaliation case brought under 42 U.S.C. § 1983 and sex discrimination case brought under 42 U.S.C. § 2000e, *et seq* by a former employee against the City of Conroe and several police officers. Pending before the Court are Plaintiff's Motions to Strike and Defendants' Motions to Dismiss for failure to state a claim. (Dkt. Nos. 17, 18, 25, 26.)[1] Based on a thorough review of the motions, arguments, and relevant law, the Court **DENIES** Plaintiff's Motions to Strike and **RECOMMENDS** the Defendants' Motions to Dismiss be **GRANTED**.[2]

### I.      BACKGROUND

Plaintiff Sylvie Acklin filed this action on October 27, 2022, against Defendants Jeff Christy, Jerry Abbott, James Keleman, Scott McCann, (collectively, "Officer Defendants") and the City of Conroe, Texas ("the City") for discrimination and unlawful retaliation because she is a female who engaged in constitutionally protected speech. (Dkt. No. 9 at ¶ 2.) Plaintiff then filed

---

[1] On May 3, 2023, this case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 29.)

[2] The Court, having considered Plaintiff's Motions to Strike, now **DENIES** Plaintiff's Motions as **MOOT** (Dkt. Nos. 25, 26.) Judge Hanen's Civil Procedure Section 7-P is permissive, and Plaintiff has responded to Defendants' Motions to Dismiss.

an amended complaint on November 14, 2022. (Dkt. No. 9.) Plaintiff asserts a First Amendment claim under § 1983 against Officer Defendants and the City (Count I); and sex discrimination claims against the Officer Defendants and the city under Title VII (Count II). (*Id.* at ¶¶ 92–107.)

Plaintiff was a juvenile crimes investigator with the Criminal Investigations Division at the Conroe Police Department ("CPD") from 2011 through 2020. (*Id.* at ¶¶ 3, 64; Dkt. No. 18 at 4.) During this time, Plaintiff was assigned to work at Children's Safe Harbor ("CSH")[3] with other law enforcement agencies to jointly investigate child abuse crimes. (*Id.* at ¶¶ 21–23.) Unbeknownst to Plaintiff, CPD received complaints about her from several individuals who also worked at CSH. (*Id.* at ¶ 31.) Officer Defendants brought these complaints to Plaintiff's attention on August 5, 2020. (*Id.* at ¶ 33.) While Officer Defendants did not specify who the complaints were from, they implied that they were from various law enforcement agencies and CSH employees. (*Id.* at ¶ 37.) Plaintiff explained that CSH forensic interviewers were not addressing or securing necessary information for viable prosecutions. (*Id.*) The interviewers were resistant to Plaintiff's instructions because they perceived the tactics could raise suggestibility issues from the victims' statements. (*Id.* at ¶ 38.) Officer Defendants further addressed correspondence between Plaintiff and CSH personnel who offered to assist in scheduling interviews where Plaintiff was perceived to be non-congenial. (*Id.* at ¶ 39–40.) Then Officer Defendant Abbott notified Plaintiff that certain personnel no longer wished to work with her in that capacity and she would be moved from the daytime Detective position to a nighttime Patrol position. (*Id.* at ¶¶ 41–42.) Abbott told Plaintiff any

---

[3] CSH is an independent nonprofit organization governed by the Texas Family Code 264.406 where child victims of trauma and abuse are served by multiple disciplines, including, the Texas Department of Family and Protective Services, local law enforcement agencies, prosecutors, medical and mental health providers, juvenile probation services, victim advocates, and CSH staff. CSH offers a central location for professional and law enforcement agencies to provide services and investigate allegations of child abuse. *See* https://childrenssafeharbor.org/.

attempt to fight the change could result in job loss. (*Id.* at ¶ 46.) Plaintiff was then escorted to her office, told to gather her things, and was not allowed to update any of her active cases. (*Id.* at ¶ 47–49.) The change to Patrol was effective August 5, 2020. Plaintiff resigned in September of 2020. (Dkt. No. 18 at 4; Dkt. No. 18-3.)

On August 25, 2020, the City of Conroe attorney categorized the change as a transfer and not a demotion. (Dkt. No. 9 at ¶ 61.) On October 1, 2020, the city administrator denied Plaintiff's grievance complaint, finding the change as an adjustment to job duties. (*Id.* at ¶ 68.) On November 3, 2020, Plaintiff filed a charge of discrimination ("charge") alleging that she was "subjected to discipline, demotion, and inequitable terms and conditions based on her sex" where in August of 2020 she was "investigated without cause, notification, or justification . . . given no opportunity to defend" herself or "remedy any of the complaints against" her.[4] (Dkt. No. 18-3.) Plaintiff alleged she was summarily disciplined by being demoted to a less prestigious and challenging role with a less advantageous work schedule. (*Id.*) Plaintiff also cites that a male detective who had a complaint lodged against him did have the opportunity to defend himself, remedy the situation, and remain a detective. (*Id.*) On August 2, 2022, Plaintiff received her notice of right to sue by the Equal Employment Opportunity Commission. (Dkt. No. 9-1.) Plaintiff now alleges Officer Defendants violated her constitutional rights under the First Amendment because she was demoted to a night shift Patrol unit after addressing investigative deficiencies at CSH and discriminated against under Title VII because she was a female. (Dkt. No. 9 at ¶ 85.) Plaintiff further alleges the

---

[4] The City attached Plaintiff's EEOC charge to its motion to dismiss Plaintiff's FAC. The charge is referenced in the FAC. "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Carter v. Target Corp.*, 541 F. App'x 413, 416 (5th Cir. 2013) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (internal quotation marks omitted)).

City violated her rights because it failed to provide her with notice and procedures required under the Texas Government Code and Texas Local Government Code. (*Id.* at ¶ 2.)

Officer Defendants and the City filed separate Motions to Dismiss for failure to state a claim on January 13, 2023. (Dkt. Nos. 17, 18). Defendants argue that the § 1983 claims against Officer Defendants should be dismissed because they are time barred, Plaintiff does not allege sufficient facts to show her constitutional rights were violated, and the claims are barred by qualified immunity. (Dkt. No. 17 at 4–14.) The Officer Defendants also argue the Title VII claims should be dismissed because Plaintiff has not alleged a claim against the Defendants in their individual capacities because they are not employers. (*Id.* at 3.) The City asserts that the § 1983 claims are timed barred and the alleged speech is not protected by the First Amendment. (Dkt. No. 18 at 3.) Additionally, the City argues Plaintiff does not identify an unconstitutional policy, allege a City policymaker approved or was aware of any policy, nor claim any policy caused the deprivation of constitutional rights. (*Id.*) The City argues the Title VII claims should be dismissed because Plaintiff has not exhausted all administrative remedies because the EEOC charge does not detail a hostile work environment, retaliation, or constructive discharge. (Dkt. No. 18 at 6.) The City also contends that Plaintiff has failed to allege facts showing the City retaliated against her for engaging in protected conduct under Title VII or that the adverse action was based on gender. (*Id.* at 3.) Further, the City asserts Plaintiff fails to distinguish the claims against the City from those against her supervisors in their official capacity, and thus they are redundant. (*Id.* at 4.)

In response, Plaintiff argues that the allegations against Officer Defendants are sufficient at this stage. (Dkt. No. 32 at 4.) She contends that she overcomes qualified immunity because the Officers clearly violated her constitutional rights, and the right was clearly established. (*Id.*) Plaintiff also argues the Title VII claim against the Officer Defendants should survive because she

will uncover additional evidence during discovery. (*Id.* at 16–17.) Next, Plaintiff argues that the statute of limitations does not apply to her claims. (*Id.* at 17–18.) Plaintiff further contends that she has exhausted all administrative remedies for her Title VII claims, has alleged sufficient facts to show retaliation, constructive discharge, and that an adverse action was taken because of her gender under Title VII. (Dkt. No. 31 at 4.) She again asserts that after discovery and testimony she will show sufficient evidence to sustain her claims and that her 1983 elements have been plausibly alleged. (*Id.* at 4–18.) Plaintiff further argues that Officer Defendant Christy was a final policy maker, which was sufficiently alleged and is enough to trigger § 1983 municipal liability against the City. (*Id.* at 18–19.) Last, she asserts the claims against the Officer Defendants in their official capacity are proper. (*Id.* at 21.)

In reply, Defendants argue that Plaintiff's pleadings are both procedurally and substantively insufficient and that Plaintiff is not entitled to discovery without first alleging sufficient facts to state a claim for relief. (Dkt. No. 33 at 2–14.)

The Court finds that under the facts alleged, Defendants' Motions to Dismiss should be granted as follows:

(1) Finding that Plaintiff's § 1983 claim against the Officer Defendants and the City was not timely filed, the Court recommends the § 1983 claim against all parties be dismissed;

(2) Finding that Title VII liability can only apply to employers, the Court recommends the Title VII claims against the Officer Defendants in their individual capacity be dismissed;

(3) Finding that the allegations against the Officer Defendants in their official capacity were duplicative of those against the City, the Court recommends the Title VII claims against the Officer Defendants in their official capacity be dismissed as redundant;

(4) Finding Plaintiff failed to detail facts giving rise to retaliation, hostile work environment, and constructive discharge in her charge and her complaint, the Court recommends that Plaintiff's claims of Title VII retaliation, hostile work environment, and constructive discharge be dismissed against the City as they fail procedurally and substantively; and

(5) Finding Plaintiff has insufficiently detailed factual allegations to state a claim for sex discrimination under Title VII, the Court recommends the sex discrimination claim against the City be dismissed.

## II.   LEGAL STANDARDS

### A.  Rule 12(b)(6)

Rule 12(b)(6) allows a defendant to move to dismiss a complaint based on failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need not contain detailed factual allegations, it "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that . . . raise a right to relief above the speculative level." *Wilson v. Houston Cmty. Coll. Sys.*, 955 F.3d 490, 500 (5th Cir. 2020) (quotations omitted). "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." *Winn v. Cleburne Indep. Sch. Dist.*, No. 3:18-CV-02949-E, 2020 WL 5291941, at *3 (N.D. Tex. Sept. 3, 2020) (quoting *Iqbal*, 556 U.S. at 678). Thus, a claim "is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019).

A court must accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (quotations omitted). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)). Dismissal is proper only if the plaintiff's complaint: (1) does not include a cognizable legal theory, or (2) includes a cognizable legal theory but fails to plead enough facts to state a claim to relief that is plausible on its face. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Frith v. Guardian Life Ins. Co.*, 9 F. Supp. 2d 734, 737–38 (S.D. Tex. 1998) (holding that dismissal pursuant to Rule 12(b)(6) "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory").

### B.  Section 1983

"Every person who, under color of any statute, ordinance, regulation, custom, or usage" deprives another of "any rights, privileges, or immunities secured by the Constitution and laws, [is] liable to the party injured in an action at law, suit in equity, or other proper proceeding for

redress." 42 U.S.C. § 1983; *see Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quotations omitted). An individual can be sued in both his individual and official capacities. *Kentucky v. Graham*, 473 U.S. 159, 165–66, 169 (1985). An official capacity suit is equivalent to one brought against the governmental entity that employs the individual, thus it imposes liability for both the individual and the entity they represent. *Brandon v. Holt*, 469 U.S. 464, 471–73 (1985) (explaining that qualified immunity does not apply to governmental entities, so it does not apply to a claim against an individual in his official capacity).

To state a claim against individuals under § 1983, a plaintiff must allege a violation of a federal constitutional or statutory right and demonstrate that the alleged violation was committed by a person acting under color of law. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). To state a claim against a local government under § 1983, a plaintiff must also allege that "an official policy or custom of the [local government] was a cause in fact of the deprivation of rights inflicted." *Id.* (quotations omitted). Further, "a plaintiff bringing a section 1983 action must specify the personal involvement of each defendant." *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). "[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). If a plaintiff sues both an individual in their official capacity as well as the municipality itself, dismissal of that individual may be obtained because the claims are duplicative. *Preacely v. City of Houston*, No. CIV. H-10-0492, 2010 WL 1903754, at *1 (S.D. Tex. May 11, 2010). An entity is liable for the acts of an individual if the

individual acted as a policymaker for the entity. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124 (1988). Whether an individual has policy-making authority is a question of law. *Id.*

When a claim is brought against the local governmental entity that employs the individual, the local government can only be found liable where a constitutional violation was inflicted pursuant to a government policy or custom. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *see also Monell*, 436 U.S. at 694. A plaintiff must prove an official policy existed that was the "moving force" behind a constitutional violation which was actually suffered. *Monell*, 436 U.S. at 694. Rarely does a single incident give rise to municipal liability. *Moss v. Kopp*, 559 F.3d 1155, 1169 (10th Cir. 2009) (explaining that only where "the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued" can a single incident result in municipal liability).

### C.  Statute of Limitations for Section 1983 Actions in Texas

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)). Section 1983 claims are subject to personal injury statute of limitations and "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 249–50 (1989). The Fifth Circuit has recognized that Texas's two-year statute of limitations for personal injury actions applies to § 1983 claims. *See Piotrowski v. City of Houston,* 51 F.3d 512, 515 n.5 (5th Cir. 1995) (citing *Owens*, 488 U.S. at 249–50). Similarly, "state equitable tolling principles control in § 1983 cases." *King-White*, 803 F.3d at 764.

"[T]he limitations period runs from the moment a plaintiff's claim accrues [and] the particular accrual date of a federal cause of action is a matter of federal law." *King-White*, 803 F.3d at 762 (quoting *Frame v. City of Arlington,* 657 F.3d 215, 238 (5th Cir. 2011)). "Under federal law, a claim accrues and 'the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Spotts v. United States*, 613 F.3d 559, 574 (5th Cir. 2010) (quoting *Piotrowski,* 237 F.3d at 576). "A plaintiff need not know that she has a legal cause of action" for her claim to accrue; "she need know only the facts that would ultimately support a claim." *Piotrowski,* 237 F.3d at 576. Thus, a plaintiff's awareness requires both the existence of an injury and a connection between the injury and the defendant's actions. *Id.* Awareness does not mean actual knowledge, but the "existence of circumstances that would lead a reasonable person to investigate further." *King-White*, 803 F.3d at 762 (citation and internal quotations omitted).

### D.  Qualified Immunity

Qualified immunity is an affirmative defense. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). Application of the defense should be decided at the earliest possible stage of the litigation. *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994). The defendant official has the initial burden to establish that the alleged conduct involved the exercise of a discretionary function. *Mote v. Walthall*, 902 F.3d 500, 505 (5th Cir. 2018). The "plaintiff has the burden to negate the assertion of qualified immunity once properly raised." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009). There are two prongs to the qualified immunity analysis, however, the order of analysis is left up to the discretion of the court. *Pearson v. Callahan*, 555 U.S. 223, 242 (2009) (explaining that "the judges of the district courts and the courts of appeals are in the best position to determine the order of decision making that will best facilitate the fair and efficient disposition of each case").

"[A] court addressing a claim of qualified immunity must determine [] whether the plaintiff has adduced facts sufficient to establish a constitutional or statutory violation [and determine] 'whether [the officers'] actions were objectively unreasonable in light of clearly established law at the time of the conduct in question.'" *Collier*, 569 F.3d at 217 (citation omitted). If the plaintiff does not establish both elements, then the defendant is entitled to qualified immunity. *Templeton v. Jarmillo*, 28 F.4th 618, 621 (5th Cir. 2022); *see Morgan v. Chapman*, 969 F.3d 238, 245 (5th Cir. 2020).

### E.  Title VII

Title VII prohibits "an employer from 'discriminat[ing] against any individual with respect to . . . compensation, terms, conditions, or privileges of employment" based on race, color, religion, sex, or national origin. *Adams v. Mem'l Hermann*, No. 4:15-CV-01270, 2018 WL 5886800, at *4 (S.D. Tex. Nov. 9, 2018) (citing 42 U.S.C. § 2000e-2.), *aff'd*, 973 F.3d 343 (5th Cir. 2020). "A plaintiff need not make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion." *English v. Purdue*, 777 F. App'x 94, 99 (5th Cir. 2019) (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 329–30 (5th Cir. 2013)). But a plaintiff must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016). "On a motion to dismiss, it is not necessary for the Court to follow the Title VII analysis established by the Supreme Court in *McDonnell Douglas*." [5] *Roberts v. Lubrizol Corp.*, No. CV 4:12-3272, 2013 WL 12099843, at *5 (S.D. Tex. June 28, 2013). "[T]he *McDonnell Douglas* framework is an evidentiary standard, not a rigid

---

[5] "Title VII affords employees the option of proving a violation through either direct or circumstantial evidence." *Jackson v. Watkins*, 619 F.3d 463, 466 (5th Cir. 2010). When a plaintiff's allegations are based on circumstantial evidence the court applies the *McDonnell Douglas* burden-shifting framework. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973).

pleading requirement." *Puente v. Ridge*, 324 Fed. App'x 423, 427 (5th Cir. 2009) (unpublished) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 506–07 (2002)). "At the Rule 12(b)(6) stage, our analysis of the Title VII claim is governed by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002)." *Olivarez v. T-mobile USA*, Inc., No. 20-20463, 2021 WL 1945680 (5th Cir. May 14, 2021), *cert. denied*, 142 S. Ct. 713 (2021). Under *Swierkiewicz*, "there are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an adverse employment action, (2) taken against a plaintiff because of her protected status." *Id.* (quoting *Cicalese v. Univ. of Texas Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (quotations omitted) (citing *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)).

## III.    DISCUSSION

### A.  Section 1983 Limitations

Plaintiff filed this action on October 27, 2022, alleging both § 1983 and Title VII claims. (Dkt. No. 1.) Plaintiff alleges her § 1983 First Amendment retaliation claim happened on August 5, 2020, when she was removed from CSH and transferred to the Patrol Unit. (Dkt. No. 9 at 6–10.) It was in this moment that Plaintiff identified the existence of the alleged injury and a connection between the injury and the Officer Defendants' actions which led her to "investigate further." *King-White*, 803 F.3d at 762; *Piotrowski,* 237 F.3d at 576. Plaintiff filed a formal grievance with the city administrator which tends to show due diligence in investigating the injury further. *Spotts*, 613 F.3d at 574. Plaintiff's FAC makes it clear that she knew at the time of the transfer the facts on which her First Amendment retaliation claim is based. Plaintiff has not alleged the limitations period began to accrue at a different time. The Court finds Plaintiff's § 1983 claim accrued August 5, 2020.

While Plaintiff and Defendants agree the two-year statute of limitations applies here, Plaintiff argues that her filing was timely for two reasons. First, that the suit was timely filed in accordance with the EEOC charge; and second, that "there were several emergency orders that came out in 2020 and 2021 extending the deadlines. This case was covered under the Supreme Court's Emergency Orders regarding its deadline." (Dkt. No. 31 at 20; Dkt. No. 32 at 17.) Plaintiff is correct that she complied with the requirement to file a timely complaint with the EEOC and the 90 day right-to-sue letter filing requirement. Yet, Plaintiff conflates the Title VII limitations period with the § 1983 limitations period. The two limitations periods are analyzed separately. *See Jones v. City of Bryan*, No. CIV.A. 07-3874, 2008 WL 2557469 (S.D. Tex. June 23, 2008). "Filing a charge with the EEOC does not toll the limitations period for a related claim under section 1981 or 1983." *Rafter v. Texas Dep't of Crim. Just.*, No. CIV.A. H-11-0691, 2012 WL 3314905, at *4 (S.D. Tex. Aug. 13, 2012). The timeliness of the Title VII claim has no impact on the timeliness of the § 1983 claim, thus, Plaintiff's first argument is without merit.

Next, the first deficiency in Plaintiff's second argument is the lack of specificity of which Emergency Order she asserts applies here. The Supreme Court of Texas issued several Emergency Orders. The Eighth Emergency Order addressed tolling, which the Twelfth Emergency Order later clarified. *Curry v. Valentin*, No. 22-20450, 2023 WL 1267253, at *2 (5th Cir. Jan. 31, 2023). "[T]he Twelfth Emergency Order made clear that the deadlines subject to extension under the Eighth Emergency Order were those that fell between March 13, 2020, and June 1, 2020, and that those deadlines would be extended to July 15, 2020." *Id.* The Twenty-First Emergency Order, the last to extend the deadline for filing civil cases, explained that "[a]ny deadline for the filing or service of any civil case that falls on a day between March 13, 2020, and September 1, 2020, is extended until September 15, 2020." *Id.* (holding that "[b]ecause the filing deadline for [p]laintiffs'

action did not fall between March 13, 2020, and September 1, 2020, the two-year statute of limitations was not subject to extension"); *see also Twenty-First Emergency Order Regarding Covid-19 State of Disaster*, 609 S.W.3d 128 (Tex. July 31, 2020). So, for the extension to apply to the two-year statute of limitations here, Plaintiff's deadline would have had to fall between March 13, 2020, and September 15, 2020. Plaintiff's deadline for her § 1983 claim was August 5, 2022. Thus, the statute of limitations is not subject to extension. Plaintiff's second argument is also without merit. Plaintiff makes no other attempt to argue that equitable tolling should apply.

Finding that Plaintiff's § 1983 claim against the Officer Defendants and the City was not timely filed, the Court recommends the § 1983 claim against all parties be dismissed.[6]

## B. Title VII

### a. Officer Defendants in their Official and Individual Capacities[7]

The Officer Defendants argue that Title VII affords no cause of action against them because they are not employers. (Dkt. No. 17 at 11.) Plaintiff responds that she will be able to show her Title VII claims against "each individual Defendant in their official capacity" after discovery and

---

[6] Because the Court recommends dismissing Plaintiff's First Amendment claim, it does not address whether qualified immunity shields Defendants from that claim.

[7] Officer Defendants also argue that the Title VII claims should be dismissed against them because they were not named in the EEOC charge, which only names the City. (Dkt. No. 17 at 11.) Generally, "a party not named in an EEOC charge may not be sued under Title VII." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (quoting *Way v. Mueller Brass Co.*, 840 F.2d 303, 307 (5th Cir. 1988)). Courts though are encouraged to avoid a "hypertechnical" reading of charges and may apply a judicially-recognized exception to Title VII's named party requirement. *Id.*; *Truelove v. Texas Dep't of Crim. Just.*, No. 4:19-CV-763, 2020 WL 11272645, at *6 (S.D. Tex. Oct. 27, 2020). The Fifth Circuit has adopted two exceptions to the named-party requirement: (1) the *Glus* identity-of-interest exception and (2) the *Eggleston* actual notice exception. *Id.* (citing *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir. 1977); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, UA*, 657 F.2d 890, 905–06 (7th Cir. 1981)). The Court will forgo the procedural analysis for the substantive analysis of Plaintiff's pleadings. While the claims may fail procedurally because the Officer Defendants are not named as the Respondent in the charge or listed in the narrative, as addressed above, they fail substantively.

witness deposition and testimony. (Dkt. No. 32 at 16.) "It is well settled in the Fifth Circuit that individual supervisors cannot be held personally liable under Title VII, as they are not 'employers' as that term is defined in Title VII." *Babineaux v. Houston Indep. Sch. Dist.*, No. CV H-20-2705, 2021 WL 3501699, at *3 (S.D. Tex. July 19, 2021) (quoting *Jenkins v. Bd. of Educ. of Houston Indep. Sch. Dist.*, 937 F. Supp. 608, 612 (S.D. Tex. 1996*)), report and recommendation adopted*, 2021 WL 3493154 (Aug. 9, 2021); *see also Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994) (explaining that "[T]itle VII does not permit the imposition of liability upon individuals unless they meet title VII's definition of 'employer'"); *Burnett v. Texas Dep't of Criminal Justice*, No. CV H-16-664, 2018 WL 1508753, at *5 n.52 (S.D. Tex. Feb. 26, 2018) ("The TCHRA does not create a cause of action against supervisors or individual employees, only employers.") (citation omitted), *report and recommendation adopted*, 2018 WL 1474420 (Mar. 23, 2018).

Contrary to Plaintiff's argument, she is not entitled to discovery before her claims are dismissed under Rule 12(b)(6), especially where she cites no authority instructing how a claim against her coworkers or supervisor could be viable. (Dkt. No. 32 at 16–17.) Plaintiff cannot automatically proceed past the motion to dismiss stage by making only boilerplate allegations and arguing she will provide further details after discovery. *See Clark v. Thompson*, 850 F. App'x 203, 209 (5th Cir. 2021) (explaining "a plaintiff needs to exercise reasonable due diligence and provide some factual basis for his allegations that would raise a reasonable expectation that discovery will reveal evidence that defendants engaged in unlawful conduct") (quotations omitted); *Byrd v. Madisonville Consol. Indep. Sch. Dist.*, No. 19-CV-4473, 2020 WL 2850755, at *1 (S.D. Tex. June 1, 2020) (rejecting plaintiff's argument she should be allowed discovery as a fishing expedition). The Court recommends the Title VII claims against the Officer Defendants in their

individual capacity be dismissed because only employers, not supervisors or coworkers, can be found liable.

The Officer Defendants and the City argue that Plaintiff's claims against the Officer Defendants in their official capacity are equivalent to claims against the City. (Dkt. No 18 at 17.) Plaintiff fails to address Defendants' argument and instead contends that immunity should not apply. (Dkt. No. 31 at 22.) "[C]laims against those individual defendants, in their official capacities, are considered claims against their employer – [the City] – and are subject to dismissal as redundant." *Babineaux*, 2021 WL 3501699, at *3 (citing *Jenkins*, 937 F. Supp. at 613); *see also Jones v. Rooms To Go*, No. 4:19-CV-03564, 2020 WL 3640003, at *3 (S.D. Tex. July 6, 2020) ("Plaintiff is not entitled to maintain an action against both a corporation and its agent in an official capacity in a Title VII action because effectively the corporation could be held liable twice for the same act."). Plaintiff seeks to assert municipal liability through the Officer Defendants in their official capacity, however, they are a redundant party when the City is also named. *Atencio v. Torres*, No. 3:19-CV-00011, 2020 WL 1646884 (S.D. Tex. Mar. 25, 2020) (dismissing claim against individual as redundant of those against the labor union); *see also Preacely*, 2010 WL 1903754, at *1 (dismissing individual agents of the City of Houston, because they were not proper defendants in a Title VII case). Plaintiff's allegations here are too conclusory to allow discovery, she has cited no case law suggesting the official capacity claims should survive, and she has failed to demonstrate why discovery is warranted. (Dkt No. 32 at 17.) Accordingly, the Court recommends the Title VII claims against the Officer Defendants in their official capacity be dismissed as redundant.

### b.  Failure to Exhaust Title VII Administrative Remedies

#### i.  The City

Plaintiff filed her charge with the EEOC on November 3, 2020, and she received her right to sue August 2, 2022. (Dkt. No. 18-3; Dkt. No. 9-1.) She denoted sex discrimination as the type of discrimination and listed her employer, the City of Conroe, as Respondent. She stated:

> I have been subjected to discipline, demotion, and inequitable terms and conditions based on my sex (Female). I am the only female Detective working for Respondent. In August 2020, I was investigated without cause, notification, or justification. I was given no opportunity to defend myself or remedy any of the complaints against me. Respondent summarily disciplined me by being (sic) demoting me to a less prestigious and less challenging position with a less advantageous work schedule. Brett Irvine (Detective, Male) had a complaint lodged against him with the threat of demotion. Irvine was given an opportunity to defend himself and remedy the situation while remaining a Detective. Irvine failed to meet the department's physical fitness policy. No department policy defines the complaint lodged against me.

(Dkt. No. 18-3.) The City argues that Plaintiff's claims against it for retaliation, constructive discharge, and hostile work environment have not been exhausted with the filed charge. (Dkt. No. 18 at 6–12.) The purpose of filing a charge is to give the employer notice of the existence and substance of the discrimination allegations and the EEOC the opportunity to investigate those claims. *See Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878 (5th Cir. 2003); *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 577–78 (5th Cir. 1993). A "plaintiff's charge should not be so liberally construed that a plaintiff does not need to state the basic facts that make up his discrimination claim because a plaintiff does not need legal assistance to merely articulate the facts underlying his claims." *Stanley v. Univ. of Tex. Med. Branch, Galveston, TX*, 425 F. Supp. 2d 816, 822 (S.D. Tex. 2003). For proper notice, a claim must generally arise out of the plaintiff's EEOC charge. *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012) (explaining that the rule is to protect individuals who are not represented by counsel from having their claims dismissed for a technicality). The City contends the only possible claim that can arise out of Plaintiff's charge is her gender discrimination claim for the alleged demotion. (Dkt. No. 18 at 13.) The City argues that Plaintiff's

claims of retaliation, hostile work environment, and constructive discharge should be dismissed both because the charge is insufficient and the claims are without merit. The Court agrees.

"[T]he proper question is whether the charge has stated sufficient facts to trigger an EEOC investigation and to put an employer on notice of the existence and nature of the charges against him." *Simmons-Myers v. Caesars Ent. Corp.*, 515 F. App'x 269, 272 (5th Cir. 2013) (quoting *Manning*, 332 F.3d at 878). Plaintiff alleges her reassignment is sufficient evidence of retaliation, a hostile work environment, and her constructive discharge. (Dkt. No. 31 at 4.) She further avers that she should not be penalized for not knowing the legal terms of Title VII for inclusion in the charge. (*Id.*) Yet Plaintiff is only expected to allege sufficient factual matter in the charge, not legal conclusions. The only discriminatory facts Plaintiff alleged in her charge were those in which she claimed to have been treated differently from another male detective in CPD. There are no facts regarding retaliation for some protected action, intolerable conditions leading to constructive discharge, or numerous situations constituting a hostile work environment that Plaintiff's employer could expect the inclusion of such claims in a suit or the EEOC expect to investigate. Plaintiff's claims against the City fail procedurally and substantively.

The City asserts that Plaintiff did not check the box for retaliation but only for sex discrimination, a point Plaintiff does not contest. *Anderson v. Venture Express*, 694 F. App'x 243, 247 (5th Cir. 2017) (explaining the plaintiff "failed to exhaust his administrative remedies by failing to include the retaliation claim in his EEOC charge, either by checking the box or describing retaliation"). Plaintiff neither checked the box, nor described retaliation in her charge. There is no factual basis in the charge to conclude the EEOC investigation of retaliation could reasonably be expected to grow from the charge of discrimination. *See Jones v. Halliburton Co.*, 791 F. Supp. 2d 567, 598 (S.D. Tex. 2011) (dismissing retaliation claim where "the EEOC Charge did not

include a claim of retaliation and did not include reference to the retaliatory conduct in the narrative of the charge" but did include a sex discrimination claim). This is sufficient for dismissal based on a failure to exhaust.

Even so, substantively, Title VII retaliation requires that: (1) plaintiff engaged in conduct protected by Title VII; (2) plaintiff suffered a materially adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action. *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 269 (5th Cir. 2015). Liberally construed Plaintiff's FAC plausibly alleges the transfer was an adverse employment action, yet Plaintiff makes no reference to a Title VII protected activity in her charge or complaint. Plaintiff conflates her Title VII retaliation claim with her free speech retaliation claim. (Dkt. No. 31 at 6.) A plaintiff engages in a protected activity when she has either: "opposed any practice made an unlawful employment practice by [Title VII or] made a charge, testified, assisted, or participated in any matter in an investigation, proceeding, or hearing under [Title VII]." *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 428 (5th Cir. 2000) (quoting 42 U.S.C. § 2000e-3(a)). Here, the second clause is irrelevant because Plaintiff did not file a charge with the EEOC until after the alleged retaliatory demotion took place. *See id.* "To satisfy the 'opposition clause,' [Plaintiff] need not prove that [the City's] practices were actually unlawful, but only that [s]he had 'a reasonabl[e] belief that the employer was engaged in unlawful employment practices.'" *Id.* Plaintiff opposed the actions of her coworkers' investigative techniques, not the employment practices of the City. The statements she claims are protected under Title VII were not made in opposition of gender discrimination. There are no other statements alleged showing opposition to an unlawful employment practice. Without even a mention of the protected activity, there can be no causal connection between the

elements, and no properly pleaded claim for retaliation. Accordingly, the Court recommends the retaliation claim against the City be dismissed.

The City argues that Plaintiff's charge fails to assert a hostile work environment claim. (Dkt. No. 18 at 6.) Plaintiff contends that two types of actions may be brought under Title VII—discrete discriminatory acts and hostile work environment claims—and contends the claim in the charge is for a discrete act not a hostile work environment. (Dkt. No. 31 at 4.) Plaintiff further explains administrative remedies are satisfied because this is a claim for "discrimination **and** retaliation." (*Id.*) (emphasis in original). Plaintiff makes no mention or defense of the hostile work environment claim. "The Fifth Circuit has held that a claim or defense may be abandoned (or waived) when a party fails to pursue it beyond their initial pleading." *Williams v. Petroleum*, No. CV 18-1012-JWD-SDJ, 2021 WL 649786, at *5 (M.D. La. Feb. 3, 2021), *report and recommendation adopted*, No. 2021 WL 641543 (M.D. La. Feb. 18, 2021) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding plaintiff abandoned claim when she failed to defend her allegation in response to motion to dismiss); *Vela v. City of Houston*, 276 F.3d 659, 679 (5th Cir. 2001) (dismissing limitations defense due to abandonment in subsequently filed documents); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1164 (5th Cir. 1983) (dismissing two claims as abandoned due to plaintiff failing to mention any facts in response to defendant's motion for summary judgement); *Draper v. Deutsche Bank Nat'l Tr. Co. as Tr. for Saxon Asset Sec. Tr. 2007-3, Mortg. Loan Asset Backed Certificates, Series 2007-3*, No. 3:18-CV-02904-L, 2019 WL 13240973, at *7 (N.D. Tex. Sept. 30, 2019) (dismissing claims because plaintiff presented no argument in defense of claims in response to the defendants' motion to dismiss and therefore abandoned the claim).

Even so, "one isolated event is not sufficiently severe and pervasive to create an objectively hostile work environment." *Stanley*, 425 F. Supp. 2d at 824 (collecting cases). Plaintiff's charge constitutes one isolated event where she was allegedly demoted. This is insufficient to give notice to the EEOC investigators or the City that she will allege a hostile work environment based on gender discrimination. There are no facts that show the harassment was severe and pervasive or that the allegation goes beyond the single event of being transferred. "For a claim of hostile work environment to reasonably be expected to grow out of an employee's charge of discrimination, the employee must allege more than just discrete acts of discrimination." *Trevino v. SAIA Motor Freight Line, LLC*, No. 4:20-CV-00825-P-BP, 2021 WL 1009317, at *4 (N.D. Tex. Jan. 26, 2021) (citing *Gates v. Lyondell Petrochemical Co.*, 227 F. App'x 409, 409 (5th Cir. 2007)), *report and recommendation adopted*, 2021 WL 977096 (Mar. 16, 2021). Accordingly, the Court recommends the hostile work environment claim be dismissed for failure to exhaust administrative remedies and abandonment.

The City contends Plaintiff has not asserted any facts tending to show a working environment so intolerable a reasonable person would have felt compelled to resign in either her charge or FAC. (Dkt. No. 18 at 10.) Plaintiff does not reference constructive discharge or resignation in her charge even though the charge was filed several months after she left the police department. Plaintiff does mention the alleged demotion to a less challenging position; however, no other factor is mentioned which would logically show a constructive discharge claim would grow from the factual narrative. The charge only contains discrimination allegations regarding the terms and conditions of a single event during Plaintiff's employment. *See Winegarner v. Dallas County Schools*, 1999 WL 325028, at *2 (N.D. Tex. May 19, 1999) (holding that treatment on the job and constructive discharge are separate and distinct discriminatory events). Constructive

discharge does not grow out of discrimination allegations. *See Harvill v. Westward Comms.,* *L.L.C.*, 433 F.3d 428, 440 (5th Cir. 2005) ("Discrimination alone, without aggravating factors, is insufficient for a claim of constructive discharge."). This is sufficient for dismissal based on a failure to exhaust.

Substantively, "[a] plaintiff alleging constructive discharge must show that his or her 'working conditions were so intolerable that a reasonable employee would feel compelled to resign.'"[8] *Reed v. AAA Texas LLC*, No. 4:20-CV-3817, 2022 WL 203748, at *3 (S.D. Tex. Jan. 3, 2022), *report and recommendation adopted*, 2022 WL 198400 (Jan. 21, 2022). Plaintiff argues the transfer is sufficient to constitute a demotion which is enough to plausibly allege constructive discharge.[9] (Dkt. No. 31 at 7.) "Demotions alone do not give rise to a viable constructive discharge claim." *Griffith v. Cinepolis USA, Inc.*, No. 3:20-CV-3455-G-BN, 2023 WL 1421563, at *4 (N.D. Tex. Jan. 18, 2023) (quoting *Aikens v. Banana Republic, Inc.*, 877 F. Supp. 1031, 1040 (S.D. Tex. 1995)), *report and recommendation adopted*, 2023 WL 1415609 (Jan. 31, 2023); *see also Boehms v. Crowell*, 139 F.3d 452, 461–62 (5th Cir. 1998) (indicating "a one-level demotion and a loss of some supervisory responsibilities . . . were 'not so intolerable that a reasonable person would have felt compelled to resign'"). The single event alleged does not constitute "continuous and repeated

---

[8] A court will consider the following factors when determining if working conditions were sufficiently intolerable "(1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement or continued employment on terms less favorable than the employee's former status." *Newbury v. City of Windcrest, Texas*, 991 F.3d 672, 677 (5th Cir. 2021).

[9] Even if the Court were to liberally construe the FAC that the demotion is itself the adverse employment action, Plaintiff still has not provided enough facts to plausibly allege that prima facie element. "To establish a demotion, an employee must show a loss in duties, benefits, or compensation. A reassignment from a prestigious to a less desirable position is insufficient to establish an adverse employment action." *Peterson v. City of Dall.*, 135 F. App'x 635, 638 (5th Cir. 2005) (per curiam) (citations omitted).

. . . pervasiveness of harassment" to establish constructive discharge. *Adams v. B & B Restaurants, Inc.*, No. CIV.A. H-07-1352, 2008 WL 4155458, at *3 (S.D. Tex. Sept. 4, 2008); *see also Tillman v. S. Wood Preserving of Hattiesburg, Inc.*, 377 F. App'x 346, 350–51 (5th Cir. 2010). ("[C]onstructive discharge requires a greater degree of harassment than that required by a hostile environment claim."). Plaintiff fails to assert why the one event constituted working conditions so intolerable a reasonable employee would feel compelled to resign. (Dkt. No. 31 at 7–8.) *See Inocencio v. Montalvo*, 774 F. App'x 824 (5th Cir. 2019) (indicating where plaintiff failed to make a showing that employment conditions were so intolerable that a reasonable employee would have felt compelled to retire fatal to the constructive discharge claim) (collecting cases). Plaintiff does not allege harassment after the demotion, a reduction in salary, an assignment to menial or degrading work, humiliation calculated to encourage resignation, or an offer of early retirement. She does assert a change in job responsibilities, her schedule, her interest in the work, and the challenge the work produced. Plaintiff does make a vague reference to hospitalization due to PTSD but does not connect that to harassment or specific actions by the City or any individual. This is insufficient to constitute an aggravating factor, and Plaintiff has alleged no other. *See Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001) ("Discrimination alone, without aggravating factors, is insufficient for a claim of constructive discharge. . . ."). Plaintiff's allegations are insufficient to state a claim for constructive discharge. Accordingly, the Court recommends the constructive discharge claim against the City be dismissed.

No reasonable reading of the charge would put the EEOC investigators or the City on notice that the alleged adverse employment action, the demotion, was retaliatory, a result of a hostile work environment, or even that it led to constructive discharge. Even so, Plaintiff has not pleaded enough facts to allege a plausible claim of retaliation, hostile work environment, and constructive

discharge. *Chhim*, 836 F.3d at 470 (explaining that "[a]lthough [a plaintiff does] not have to submit evidence to establish a prima facie case of discrimination [under *McDonnell Douglas*] at this stage, he [must] plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible"). Accordingly, the Court recommends that Plaintiff's claims of Title VII retaliation, hostile work environment, and constructive discharge be dismissed against the City as they fail procedurally and substantively.

### c.  Title VII Sex Discrimination

#### i.  The City

The Fifth Circuit has explained, "there are two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an adverse employment action, (2) taken against a plaintiff because of her protected status." *Olivarez*, 2021 WL 1945680, at *599. Here, the City only challenges the second element, that Plaintiff's reassignment from CSH to Patrol was because she was a female. (Dkt. No. 18 at 13–14.) Again, Plaintiff asserts she "will show through testimony and discovery that similarly-situated male officers were either allowed to remedy their errant conduct or transfer to day shift." (Dkt. No. 31 at 8.) Plaintiff seemingly concedes she has not pleaded facts giving rise to a reasonable inference of plausibility for the ultimate elements of her claim. *See Chhim*, 836 F.3d at 470–71; *see also Saketkoo v. Administrators of Tulane Educ. Fund*, 31 F.4th 990, 998 (5th Cir. 2022) (explaining that "the employee must establish that she was treated less favorably than a similarly situated employee outside of her protected class in nearly identical circumstances"). Plaintiff states that since she has "provided specifics as to other male officers and will do so further as the case progresses" the Court should allow the claim to proceed. (Dkt. No. 31 at 8.) The Court disagrees.

Plaintiff fails to allege relevant facts about these individual(s) beyond their gender, which does not allow for the Court to make an inference that they were similarly situated and by extension that the City's actions were because of Plaintiff's gender. *See O'Brien v. Methodist Hosp.*, No. 4:20-CV-4084, 2022 WL 18864879, at *6 (S.D. Tex. Dec. 23, 2022) (holding that plaintiff did not plead sufficient facts showing his coworker was similarly situated), *report and recommendation adopted sub nom. Obrien v. Methodist Hosp.*, 2023 WL 2249985 (Feb. 24, 2023). Plaintiff has not alleged facts showing she was replaced by a male or that she was treated differently than a similarly situated male. Employees are similarly situated when they (1) "held the same job or responsibilities," (2) "shared the same supervisor or had their employment status determined by the same person," and (3) "have essentially comparable violation histories." *West v. City of Houston, Texas*, 960 F.3d 736, 740 (5th Cir. 2020) (quoting *Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (footnotes omitted)); *see also Perez v. Texas Dep't of Criminal Justice, Inst'l Div.*, 395 F.3d 206, 213 (5th Cir. 2004) ("We . . . have explained consistently that for employees to be similarly situated those employees' circumstances, including their misconduct, must have been 'nearly identical.'"); *see also Lopez v. Kempthorne*, 684 F. Supp. 2d 827, 857 (S.D. Tex. 2010) (explaining "[w]here different decision makers or supervisors are involved, their decisions are rarely 'similarly situated' in relevant ways for establishing a *prima facie* case" of employment discrimination). "[T]he complaint presents no other facts sufficient to "nudge[] [the] claims across the line from conceivable to plausible." *Olivarez*, 2021 WL 1945680, at *599 (quoting *Twombly*, 550 U.S. at 547). "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' are not entitled to the presumption of truth." *Kelly v. Hines*, No. CV H-16-132, 2017 WL 1164334, at *2 (S.D. Tex. Mar. 29, 2017) (quoting *Iqbal*, 556

U.S. at 678). Accordingly, the Court recommends the Title VII gender discrimination claim against the City be dismissed.

### d.  Due Process Violation

Plaintiff refers to a series of events she asserts constitute a due process violation in her FAC. Plaintiff claims the City violated her rights because it failed to provide her with notice and procedures required under the Texas Government Code and Texas Local Government Code. (Dkt. No. 9 at ¶ 2.) Yet, Plaintiff does not include a separate cause of action for any due process violations. Even construing the FAC liberally, Plaintiff has failed to defend the allegation in light of the City's motion to dismiss. Accordingly, the Court finds the claim has been abandoned. *See Williams*, 2021 WL 649786, at *5.

## IV.  CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** the City's Motion to Dismiss (Dkt. No. 18) be **GRANTED** and Officer Defendants' Motion to Dismiss (Dkt. No. 17) be **GRANTED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on June 20, 2023.

Sam S. Sheldon
United States Magistrate Judge